**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MATTHEW D. CADE, :

Plaintiff, :

vs. CA 04-0740-C

:

JO ANNE B. BARNHART,
Commissioner of Social Security, :

Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 11 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 13 ("[I]t is hereby **ORDERED** that this case be referred to Magistrate Judge William E. Cassady to conduct all proceedings and order the entry of judgment in accordance with the provisions

of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] the Court determines that the Commissioner's decision denying benefits should be affirmed.[2]

The Administrative Law Judge (ALJ) made the following findings:

> 2. The claimant's mild mental retardation is a severe impairment, based upon the requirements in the Regulations (20 CFR § 416.921).
>
> 3. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, and Regulation[s] No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding limitations are not totally credible.
>
> 5. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairment (20 CFR § 416.927).
>
> 6. The claimant has the following residual functional capacity: [t]he claimant has no physical limitations; however, because of his mild mental retardation, he experiences "mild" limitations in the performance of daily activities; "mild" difficulties in maintaining social functioning; and "moderate" limitations in sustaining concentration, persistence or pace on a

---

[1] The Court allowed the parties to waive oral argument in this case. (*See* Docs. 10 & 12)

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 11 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

> job. Therefore, the claimant is limited to performing no more than unskilled work.
>
> 7. The claimant has no past relevant work (20 CFR § 416.965).
>
> 8. The claimant is a 'younger individual' (20 CFR § 416.963).
>
> 9. The claimant has 'a limited education' (20 CFR § 416.964).
>
> 10. The claimant has no exertional limitations (20 CFR § 416.945).
>
> 11. Considering the range of work at all levels that the claimant is still functionally capable of performing, in combination with age, education, and work experience, and using section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, the claimant is not disabled.
>
> 12. The claimant's disability ceased on January 1, 2002, as defined in the Social Security Act (20 CFR § 416.920(f)).

(Tr. 19-20) The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

**DISCUSSION**

In Social Security cases in which a determination is made that a claimant has never engaged in substantial gainful activity, as here (*see* Tr. 20), the Commissioner must bear the burden of proving that the claimant is capable of performing work that exists in significant numbers in the national economy. *See*

*Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The ALJ's articulation of specific jobs the claimant is capable of performing must be supported by substantial evidence. *Id.* (citation omitted). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff's sole claim is that the ALJ erred in applying the grids to find him no longer disabled, rather than obtaining the testimony of a vocational expert ("VE"), given his admittedly severe mild mental retardation for which he previously received SSI benefits. (*See* Doc. 6)

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen, supra*, 880 F.2d at 1201(citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation

omitted) The means by which the Commissioner meets this burden include use of the grids and reliance upon vocational expert testimony. *See id*. at 1201-1202. Exclusive reliance upon the grids is inappropriate, however, """either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.""" *Id*. at 1202 (quoting *Walker v. Bowen*, 826 F.2d 996, 1002-1003 (11th Cir. 1987), in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when nonexertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "'It is only when the claimant can clearly do *unlimited* types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)). Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level

indicated by the exertional limitations.""" *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

The ALJ in this case unequivocally determined that the non-exertional limitations accompanying plaintiff's mild mental retardation (i.e., "mild" limitations in the performance of daily activities, "mild" difficulties in maintaining social functioning, and "moderate" limitations in maintaining concentration, persistence or pace) are not severe enough to preclude a wide range of employment at all exertional levels. (Tr. 19 ("The undersigned concludes that the claimant's ability to perform work at all exertional levels is not significantly compromised by non-exertional limitations and using section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, the claimant is not disabled."))

Under the regulations, the Commissioner rates the degree of the functional limitations resulting from a mental impairment (like mild mental retardation) in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3) (2004). The degree of limitation in the first three functional areas is rated on a five-point scale (i.e., none, mild, moderate, marked and extreme) while the degree of limitation in the fourth area is rated on a different four-point scale (i.e., none, one or two, three, four or more). 20 C.F.R. §

416.920a(c)(4). "The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity[,]" *id*.; however, if the degree of limitation in the first three functional areas is "none" or "mild," and "none" in the fourth area, this will generally result in a finding that the plaintiff's impairment is not severe "unless the evidence otherwise indicates that there is more than a minimal limitation" in the claimant's ability to do basic work activities, 20 C.F.R. § 416.920a(d)(1).

In light of the contents of the Commissioner's regulations, and there being substantial support for the ALJ's determination that plaintiff has "mild" limitations in the performance of daily activities, "mild" difficulties in maintaining social functioning, and "moderate" limitations in maintaining concentration, persistence or pace (*compare* Tr. 19 *with* Tr. 238), the Court finds that the ALJ correctly determined that plaintiff's ability to perform work at all exertional levels is not significantly compromised by the foregoing non-exertional limitations. *See Allen, supra*, 880 F.2d at 1202. Accordingly, the ALJ was not required to seek the assistance of a vocational expert at the fifth step of the sequential evaluation process and could appropriately rely upon the grids as a framework for decision-making to find plaintiff no longer disabled under the Social Security Act. *Cf. Gardner v. Barnhart*, 2004 WL 1470244, *8 (N.D.Ill 2004) ("The Court rejects Plaintiff's invitation to create a rule that any

time a claimant is rated as 'often' exhibiting deficiencies of concentration, persistence or pace, a vocational expert must be consulted. . . . This rule would go against the language and spirit of the regulations and the case law. It is only after the ALJ determines that the nonexertional impairments are sufficiently severe that a vocational expert must be consulted. The mere fact that Plaintiff suffers from a nonexertional impairment does not 'immediately preclude utilization of the grid.'"); *id*. at *9 (neither the finding that plaintiff "often" suffers from deficiencies of concentration, persistence or pace or the findings of a mild personality disorder and mild depression "are so severe as to require a VE's testimony.").

**CONCLUSION**

In consideration of the foregoing, the Court **ORDERS** that the Commissioner's decision denying plaintiff benefits be affirmed.

**DONE** this the 15th day of June, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**